IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

CHRISTOPHER MENCE,

                                        OPINION AND ORDER

            Plaintiff,

                                        19-cv-624-bbc

    v.

MATT REESEMAN AND
RICK KONKAKIPASIKI,

           Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Pro se plaintiff and prisoner Christopher Mence filed a civil action under 42 U.S.C. § 1983, contending that defendants Matt Reeseman and Rick Konkakipasiki violated his constitutional rights by using a taser on him. Plaintiff's complaint is before the court for screening under 28 U.S.C. § 1915A, to determine whether any portion of his complaint is frivolous, malicious, fails to state a claim upon which relief many be granted or seeks monetary relief from a defendant who is immune from such relief.

      I conclude that plaintiff may not proceed with his case at this time because his complaint does not provide enough information to support a federal claim, as required by Rule 8 of the Federal Rules of Civil Procedure. Although I am dismissing plaintiff's complaint, I will give him an opportunity to file an amended complaint that explains his claims more clearly.

1

OPINION

Plaintiff Christopher Mence is a prisoner at Wisconsin Resource Center, but the incident at issue in his complaint appears to have taken place before he was moved to the center. (Plaintiff does not say when or where the incident took place.) He alleges that he was detained in a holding cell when he placed toilet paper on the camera. When guards told him to remove the toilet paper, he refused. They entered his cell and directed him to place his hands against the wall while they removed the toilet paper and other property from the cell. Plaintiff complied, but at some point, he decided to turn around and sit down on a cement bunk. When he did so, defendant Matt Reeseman deployed his taser on him, causing plaintiff to fall and injure his face. Plaintiff contends that defendants used excessive force against him.

It is not clear what standard governs plaintiff's excessive force claim, because plaintiff does not specify where he was being detained at the time of the incident and why. Both the Eighth and Fourteenth Amendments impose duties on state officials regarding the safety and well-being of individuals in their custody. If plaintiff was serving a sentence as a convicted prisoner at the time of the incident, his claim is governed by the Eighth Amendment. The Eighth Amendment "prohibits the infliction of 'cruel and unusual punishments' on those convicted of crimes." Wilson v. Seiter, 501 U.S. 294, 297 (1991). "The 'unnecessary and wanton infliction of pain' on a prisoner violates his rights under the Eighth Amendment." Lewis v. Downey, 581 F.3d 467, 475 (7th Cir. 2009). To prevail on an Eighth Amendment excessive force claim, a convicted prisoner must prove that the offending officer applied force

"maliciously and sadistically for the very purpose of causing harm," rather than "in a good faith effort to maintain or restore discipline." Hudson v. McMillian, 503 U.S. 1, 6–7 (1992) (quoting Whitley v. Albers, 475 U.S. 312, 320–21 (1986)). The factors relevant to this determination include: (1) why force was needed; (2) how much force was used; (3) the extent of the injury inflicted; (4) whether the defendant perceived a threat to the safety of staff and prisoners; and (5) whether efforts were made to temper the severity of the force. Whitley, 475 U.S. at 321.

The Fourteenth Amendment applies to claims brought by pretrial detainees, who are not convicted prisoners, and need not prove that the defendant had a specific state of mind to succeed on an excessive force claim. To succeed on an excessive force claim, pretrial detainees need only show that the force used was "objectively unreasonable." Kingsley v. Hendrickson, 135 S. Ct. 2466, 2473 (2015). That is, the pretrial detainee must show "objective evidence that the challenged governmental action is not rationally related to a legitimate governmental objective or that it is excessive in relation to that purpose." Id. at 2473–74.

Plaintiff's allegations are somewhat difficult to follow, but they do not appear to support a claim of excessive force under either the Eighth or Fourteenth Amendment. He alleges that defendants had to enter his cell because he refused to comply with orders and that, instead of keeping his hands against the wall while defendants removed his property, plaintiff decided to turn around and sit on a bunk. Defendant Reeseman's decision to respond by deploying his taser appears to have been a reasonable reaction to plaintiff's

3

movement, which Reeseman likely interpreted as a security risk. Plaintiff argues that Reeseman should have repeated his order that plaintiff keep his hands against the wall, but at that point, plaintiff had already demonstrated that he would not follow orders. No reasonable jury could conclude that it was objectively unreasonable for Reeseman to respond to plaintiff's movement by deploying his taser.

Because plaintiff's allegations are somewhat difficult to follow, it may be that I have misunderstood his allegations about the underlying incident. Under Fed. R. Civ. P. 8(a)(2), a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." This means that the complaint must provide notice to the defendants of what plaintiff believes they did to violate his rights. Additionally, the complaint must contain enough allegations of fact to support a claim under federal law. Ashcroft v. Iqbal, 556 U.S. 662, 678-79 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007)). Plaintiff's complaint does not meet this standard, but I will give him the opportunity to clarify his claims and include the allegations that are missing.

If plaintiff chooses to file an amended complaint, he should keep it short and to the point and draft it as if he were telling a story to people who know nothing about his situation. In particular, he should include allegations that would allow someone reading the complaint to answer the following questions:

- When did the incident occur?
- Where was plaintiff incarcerated at the time of the incident?
- What were defendants' job titles?

4

- Was plaintiff a convicted prisoner at the time?

- What happened when defendants entered plaintiff's cell?

- Why did plaintiff move from the wall?

- Did plaintiff give any warning before he moved from the wall?

- Did defendant Reeseman give any warning before deploying the taser?

- What was defendant Konkakipasiki's role in the incident?

If plaintiff's amended complaint satisfies Rule 8 of the Federal Rules of Civil Procedure, I will consider the merits of his claim.

ORDER

IT IS ORDERED that plaintiff Christopher Mence's complaint is DISMISSED without prejudice for its failure to comply with Fed. R. Civ. P. 8. Plaintiff may have until October 31, 2019 to file an amended complaint that clarifies his claims and complies with the rules set forth above. If plaintiff does not submit an amended complaint by October 31, 2019, the clerk of court is directed to close this case.

Entered this 10th day of October, 2019.

BY THE COURT:

/s/
_____
BARBARA B. CRABB
District Judge